T.C. Summary Opinion 2009-104


UNITED STATES TAX COURT


VIRGINIA MANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23075-08S.            Filed July 9, 2009.


Virginia Mann, pro se.

<u>Heather D. Horton</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,406 in petitioner's 2007 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for her nephews, GM and TM; (2) whether petitioner is entitled to head of household filing status; (3) whether petitioner is entitled to a child tax credit of $21 and an additional child tax credit of $976 for her nephews GM and TM; and (4) whether petitioner is entitled to an earned income tax credit of $2,392.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Arizona.

Petitioner was not married at the close of 2007. Petitioner filed her 2007 Federal income tax return as a head of household and claimed dependency exemption deductions for her two nephews, GM and TM, and child tax and earned income tax credits.

TM is petitioner's nephew. During 2007 TM was 11 years old and resided with his mother, petitioner's sister, in Tempe, Arizona, where he attended school. TM stayed with petitioner at her residence in St. Michael's, Arizona, only during school breaks and summer vacations. TM did not reside with petitioner for more than one-half of 2007. Petitioner did not offer any

evidence that she provided over one-half of TM's support during 2007.

GM is petitioner's nephew. During 2007 GM was 22 years old and had no job or other source of income. Petitioner assumed responsibility for taking care of GM in order to assist her sister, GM's mother. Petitioner provided GM with almost all of his material needs and provided more than one-half of GM's support during 2007. Petitioner and GM resided in petitioner's "hogan", which is a one-room log cabin without running water or electricity. Their sole source of income during 2007 was petitioner's modest salary. GM attended school part time in order to prepare for the General Educational Development test. GM was not a full-time student during 2007.

### Discussion

#### Dependency Exemption Deductions

Section 151 allows an exemption for each individual who qualifies as a dependent as defined in section 152. Section 152(a) provides that a dependent means a qualifying child or a qualifying relative. Section 152(c)(1) defines a "qualifying child" as an individual:

(A) who bears a relationship to the taxpayer, such as a niece or nephew of the taxpayer;

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year (aside from special rules applicable to divorced or separated parents);

(C) who is under the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year. Section 152(f)(2) provides that to qualify as a "student" the individual must have been a full-time student during each of 5 calendar months during the calendar year; and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

Petitioner's nephews meet the requirements of section 152(c)(1)(A) since they are children of petitioner's sister. However, TM did not reside in petitioner's home for more than one-half of taxable year 2007 and therefore does not meet the requirement in section 152(c)(1)(B). Consequently, TM was not a qualifying child.

GM did reside with petitioner for the entire taxable year 2007. However, GM was 22 years old during taxable year 2007. In order to be a qualifying child, GM would have to have been a full-time student during 2007. As we have already found, GM was not a full-time student during 2007 and therefore was not a qualifying child under section 152(c)(1).

An individual might also qualify as a dependent if he is a "qualifying relative" within the definition of section 152(d), which provides:

> SEC. 152(d).  Qualifying Relative.--For purposes of this section--
>
>> (1)  In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--
>>
>>> (A) who bears a relationship to the taxpayer described in paragraph (2),
>>>
>>> (B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),
>>>
>>> (C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and
>>>
>>> (D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.
>>
>> (2)  Relationship.  For purposes of paragraph (1)(A), an individual bears a relationship to the taxpayer described in this paragraph if the individual is any of the following with respect to the taxpayer;
>>
>> *    *    *    *    *    *    *
>>
>>> (E) A son or daughter of a brother or sister of the taxpayer.

TM is not a qualifying relative because petitioner has not established that she provided over one-half of his support during 2007.  However, on the previously found facts, GM satisfies the requirements of section 152(d) and is a qualifying relative.  We therefore hold that petitioner is entitled to claim GM as a dependent during 2007 pursuant to section 152, and it follows that petitioner is entitled to a dependency exemption deduction for GM pursuant to section 151(c).

Filing Status

Under section 2(b)(1)(A) and (3), an individual may file as head of household if she is a U.S. citizen or resident, is not married at the close of her taxable year, and maintains as her home a household which constitutes for more than one-half of such taxable year the principal place of abode of a qualifying child or a qualifying relative.

We have found that GM is a qualifying relative, and petitioner meets the other requirements of section 2(b)(1)(A) and (3).  Consequently, petitioner is entitled to head of household filing status for taxable year 2007.

Child Tax Credit and Additional Child Tax Credit

Section 24(a) provides a credit (subject to certain income limitations) against income tax for each qualifying child of a taxpayer.  The term "qualifying child" means a qualifying child

of the taxpayer (as defined in section 152(c)) who has not attained age 17.  Sec. 24(c)(1).

It is clear from our prior findings that neither GM nor TM was a qualifying child under section 152(c) for purposes of section 24.  Consequently, petitioner is not entitled to either the child tax credit or the additional child tax credit for taxable year 2007.

Earned Income Tax Credit

Petitioner claimed an earned income tax credit on the basis that her nephew TM was a qualifying child for taxable year 2007. Section 32(a) provides for an earned income tax credit in the case of an eligible individual.  To be eligible for the earned income tax credit on the basis of having a qualified child, specific requirements listed in section 32(c) must be met with respect to each qualifying child.

Section 32(c)(1), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year.  Sec. 32(c)(1)(A)(i).  Pursuant to section 32(c)(3)(A), a qualifying child must meet the requirements of section 152(c).

On the basis of our prior findings, we hold that neither TM nor GM was a qualifying child for purposes of section 152(c).

Consequently, petitioner is not entitled to the earned income tax credit for taxable year 2007.[2]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[2] We note that petitioner was not eligible for an earned income tax credit as an individual with no qualifying children. Although petitioner's income in 2007 was modest, her income was sufficient to completely phase out her eligibility for the credit irrespective of her filing status.